1  HOGE FENTON JONES & APPEL                DAVIS WRIGHT TREMAINE LLP
2  Alison P. Buchanan (SBN 215710)          Martin L. Fineman (SBN 104413)
   Christen E. Bourne (SBN 312744)          505 Montgomery Street, Suite 800
3  60 South Market Street, Suite 1400       San Francisco, CA 94111-6533
   San Jose, CA 95113-2396                  Telephone: (415) 276-6500
4  Telephone: (408) 287-9501                Facsimile: (415) 276-6599
   Facsimile: (408) 287-2583                Email: martinfineman@dwt.com
5  Email: alison.buchanan@hogefenton.com
          christen.bourne@hogefenton.com
6
7  Attorneys for Defendant                  Attorneys for Defendants
   CLOUDABILITY, INC.                       APPTIO, INC. and CLOUDABILITY, INC.
8
   Daniel Remer (SBN 83702)                 Howard Smukler (SBN 135957)
9  33 Los Pinos                             532 S. Coronado Street #304
   Nicasio, CA 94946                        Los Angeles, CA 90057
10 Telephone: (415) 235-3202                Telephone: (925) 900-3440
   Facsimile: (415) 276-9857                Email: hsmukler@gmail.com
11 Email: dan@danielremer.com
12
   Attorney for Plaintiff                   Attorney for Plaintiff
13 EDWARD MILLER                            EDWARD MILLER
14
15              UNITED STATES DISTRICT COURT
16      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION
17

| | |
|---|---|
| 18  EDWARD MILLER, | Case No. 4:19-cv-07762-HSG |
| 19         Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER |
| 20      v. | |
| 21  APPTIO, INC. and CLOUDABILITY, INC., et al., | |
| 22        Defendants. | Date: March 5, 2020 |
| 23 | Time: 2:00 p.m. Courtroom: 2 Judge: Hon. Haywood S. Gilliam, Jr. |
| 24 | Action Filed: November 25, 2019 |

25
26
27
28

1    The parties to the above-entitled action respectfully submit this JOINT CASE

2    MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for

3    Civil Cases Before District Judge Haywood S. Gilliam, Jr., and the Standing Order for All Judges

4    of the Northern District of California, and Civil Local Rule 16-9.

5         1.    Jurisdiction & Service

6         The basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1331 and Section 27 of

7    the Securities Exchange Act of 1934 (15 U.S.C. §78aa).  All parties have been properly served

8    with the First Amended Complaint, and no issues exist as to service.

9         2.    Facts

10        On April 12, 2016, Defendant Cloudability issued Plaintiff an electronic Warrant to

11   Purchase Shares of Common Stock (the "Warrant").  The Warrant expressly stated the April 12,

12   2019 expiration date on the first page.  Defendants contend that the Warrant expired within a

13   three-year period on April 12, 2019.  Plaintiff emailed Defendant Cloudability on May 19, 2019,

14   after Plaintiff learned that Defendant Cloudability was to be acquired by Defendant Apptio, citing

15   the three-year expiration period and asking if the Warrant was "in the money."  Plaintiff later that

16   day called attention to a ten-year expiration period displayed in Carta, a third party application that

17   Plaintiff contends he was required by Defendant to use with respect to the Warrant.  Attached to

18   Plaintiff's second email was a Carta screenshot of a document entitled "Warrant CSW-003" with

19   an April 12, 2026 expiration date.

20        Plaintiff further contends that an attorney for Defendant Cloudability changed the display

21   in Carta after Plaintiff brought it to Defendant Cloudability's attention and did not allow Plaintiff

22   to exercise the Warrant.  On February 10, 2020, Plaintiff filed a First Amended Complaint for

23   negligent misrepresentation, fraud, and securities fraud.

24        On February 24, 2020, Defendants filed a motion to dismiss Plaintiff's First Amended

25   Complaint, on the grounds that: (1) Plaintiff alleges no wrongful acts by Defendant Apptio; (2)

26   Plaintiff failed to plead particularized facts giving rise to a strong inference that Defendants acted

27   with fraudulent intent; and (3) Plaintiff failed to allege particularized facts supporting all the other

28   required elements of his fraud claims.  Defendants' motion to dismiss is set for hearing on April 9,

2020.  Plaintiff's Response to Defendants' Motion to Dismiss is due March 9, 2020 and has not yet been filed.  Plaintiff intends to oppose the Motion to Dismiss on the grounds that (1) Apptio's acquisition of Cloudability creates liability in Apptio; (2) the 1st Amended Complaint alleges facts with sufficient particularity to support a strong inference that Defendants acted with fraudulent intent; and (3) the 1st Amended Complaint alleges facts with sufficient particularity to support all other required elements of the fraud claims.

   3. <u>Legal Issues</u>

   In light of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, the current legal issue is whether the Court should dismiss Plaintiff's First Amended Complaint.

   4. <u>Motions</u>

   On January 29, 2020, Defendants filed a motion to dismiss Plaintiff's Complaint.  In response, Plaintiff filed a First Amended Complaint on February 10, 2020.  On February 24, 2020, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint.

   5. <u>Amendment to the Pleadings</u>

   Plaintiff filed his First Amended Complaint on February 10, 2020.  For the reasons presented in the motion to dismiss, Defendants contend that Plaintiff should not be granted leave to further amend his Complaint.

   6. <u>Evidence Preservation</u>

   The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

   7. <u>Disclosures</u>

   The parties have not completed their initial disclosures pursuant to FRCP 26 due to the status of settlement discussions.

8.    Discovery

Discovery is premature pending the outcome of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. The parties have agreed to exchange certain targeted information in connection with settlement discussions.

9.    Class Actions

This is not a class action.

10.    Related Cases

There are no related cases to this matter.

11.    Relief

**Plaintiff's position:** Plaintiff respectfully requests that the Court accept his 1st Amended Complaint after review of Plaintiff's Response to Motion to Dismiss which will be filed on or before March 9, 2020. Based on the 1st Amended Complaint, Plaintiff is requesting payment in excess of $75,000 plus attorney fees as required by the terms in the Warrant.

**Defendants' position:** Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint, with prejudice, pursuant to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed February 24, 2020.

12.    Settlement and ADR

The parties are in compliance with *ADR L.R. 3-5*, and have completed, filed, and served the ADR certification and, through their counsel, have met and conferred to select an ADR process. Specifically, on February 4, 2020, the parties stipulated to participate in an early settlement conference with a magistrate judge. (See Dkt. 20). The parties respectfully request an order from this Court referring the matter to an early settlement conference before a magistrate judge, and are hopeful that the parties can resolve this matter if so referred. The parties have also reached a Stipulated Agreement requesting that a magistrate be appointed to conduct a settlement conference at an early, mutually convenient time.

13.    Consent to Magistrate Judge for all Purposes

At least one party declined magistrate judge jurisdiction for all purposes. (See Dkt. 7).

14.     Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  The parties respectfully request the early appointment of a magistrate judge to conduct a settlement conference.

15.     Narrowing of Issues

The parties do not believe that the issues can be narrowed at this time.

16.     Expedited Trial Procedure

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17.     Scheduling

Scheduling a trial date and related deadlines is premature pending the determination of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.  The parties also have a Stipulated Agreement that the Case Management Conference should be postponed until after a magistrate judge has conducted a settlement conference with the parties.

18.     Trial

Trial estimates are premature pending the determination of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.

19.     Disclosure of Non-party Interested Entities or Persons

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, and certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities: (i) have a  financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: former stockholders of defendant Cloudability, Inc., whose interest is in an escrow fund (representing a portion of the proceeds from Apptio, Inc.'s acquisition of Cloudability, Inc.) could be reduced if Plaintiff were to prevail on the claims he asserts.

20.     Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

1   21.   <u>Other</u>

2   The parties respectfully request the early appointment of a magistrate judge to conduct a

3   settlement conference, and respectfully request that the Case Management Conference be

4   continued to a date following the settlement conference.  The parties are unaware of other matters

5   that may facilitate the just, speedy, and inexpensive disposition of this matter.

6   Dated:  February 27, 2020                    Respectfully Submitted,

7

8                                              By:  <u>/s/                              </u>

9                                                    Daniel Remer

10                                             Attorney for Plaintiff
                                               Edward Miller
11

12

13                                             HOGE, FENTON, JONES & APPEL, INC.

14

15                                             By:  <u>/s/                                </u>

16                                                    Alison P. Buchanan
                                                     Christen E. Bourne
17

18                                             Attorneys for Defendant
                                               Cloudability, Inc.
19

20                                             DAVIS WRIGHT TREMAINE LLP

21                                             By:  <u>/s/                              </u>

22                                                    Martin L. Fineman

23                                             Attorneys for Defendants
                                               Apptio, Inc. and Cloudability, Inc.
24

25

26

27

28

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that I obtained concurrence in the filing of this document from the other signatories.

Dated: February 27, 2020

HOGE, FENTON, JONES & APPEL, INC.


By:  */s/*  _____
              Alison P. Buchanan
              Christen E. Bourne

Attorneys for Defendant
Cloudability, Inc.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. 4:19-cv-07762-HSG

1

**CASE MANAGEMENT ORDER**

2      The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3  approved as the Case Management Order for this case and all parties shall comply with its

4  provisions. [In addition, the Court makes the further orders stated below:]

5

6

7

8

9      IT IS SO ORDERED.

10

11  Dated: _____    _____

12                                        UNITED STATES DISTRICT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. 4:19-cv-07762-HSG