HOGE FENTON JONES & APPEL
Alison P. Buchanan (SBN 215710)
Christen E. Bourne (SBN 312744)
60 South Market Street, Suite 1400
San Jose, CA 95113-2396
Telephone: (408) 287-9501
Facsimile: (408) 287-2583
E-Mail: alison.buchanan@hogefenton.com
         christen.bourne@hogefenton.com

Attorneys for Defendant
CLOUDABILITY, INC.


DAVIS WRIGHT TREMAINE LLP
Martin L. Fineman (SBN 104413)
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
E-Mail: martinfineman@dwt.com

Attorneys for Defendants
APPTIO, INC. and CLOUDABILITY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EDWARD MILLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPTIO, INC. and CLOUDABILITY, INC. and DOES 1 through 5,<br><br>　　　　Defendants. | Case No. 4:19-cv-07762-HSG<br><br>**DEFENDANTS APPTIO AND CLOUDABILITY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　　　April 9, 2020<br>Time:　　　2:00 p.m.<br>Courtroom: 2<br>Judge:　　　Honorable Haywood S. Gilliam, Jr.<br><br>Action Filed: November 25, 2019 |

Defendants Apptio, Inc. and Cloudability, Inc. hereby respectfully request that the Court take judicial notice of the documents referenced below in support of Defendants' Motion to Dismiss the First Amended Complaint.

Defendants respectfully request the Court to take judicial notice of: a certificate from the Delaware Security of State certifying that the attached documents are true and correct copies; the Certificate of Merger, merging Steelhead Merger SUB, Inc. with and into Cloudability, Inc.; and Exhibit A, Third Amended and Restated Certificate of Incorporation of Cloudability, Inc. True and correct copies of these documents are attached hereto.

The Court is respectfully requested to take judicial notice pursuant to Federal Rule of Evidence 201, and specifically Rule 201(c)(2) (court must take judicial notice if a party requests it and the court is supplied with the necessary information).

The referenced documents are the proper subject of judicial notice. The court may take judicial notice of a publicly-filed Certificate of Merger in deciding a motion to dismiss (and without converting the motion to dismiss into a motion for summary judgment). *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192-93 (C.D. Cal. 2015) (taking judicial notice of a Certificate of Merger in granting a motion to dismiss). *See also Bullwinkle v. U.S. Bank, N.A.*, No. C13-03281 HRL, 2013 WL 5718451, **2, 3 & n.3 (N.D. Cal. Oct. 21, 2013) (holding that "Documents ... which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed.R.Civ.P.12(b)(6) motion" and taking judicial notice of a Certificate of Merger filed with the New York Department of State). The Court should consider these documents in deciding the motion to dismiss. At a minimum, the referenced documents show that Plaintiff Edward Miller should not be granted leave to further amend, because his speculation about the nature of the acquisition transaction is wrong.

Therefore, Defendants respectfully request the Court to take judicial notice of the documents referenced above.

Dated: March 16, 2020.

Respectfully Submitted,

HOGE, FENTON, JONES & APPEL, INC.

By: */s/ Alison P. Buchanan*
    Alison P. Buchanan
    Christen E. Bourne

Attorneys for Defendant
Cloudability, Inc.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Martin L. Fineman*
    Martin L. Fineman

Attorneys for Defendants
Apptio, Inc. and Cloudability, Inc.

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that I obtained concurrence in the filing of this document from the other signatories.

Dated: March 16, 2020.

HOGE, FENTON, JONES & APPEL, INC.

By: */s/ Alison P. Buchanan*
    Alison P. Buchanan
    Christen E. Bourne

Attorneys for Defendant
Cloudability, Inc.

# Delaware

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"STEELHEAD MERGER SUB, INC.", A DELAWARE CORPORATION,

WITH AND INTO "CLOUDABILITY INC." UNDER THE NAME OF "CLOUDABILITY INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE ON THE THIRTY-FIRST DAY OF MAY, A.D. 2019, AT 9:16 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

Jeffrey W. Bullock, Secretary of State

4965085  8100M
SR# 20195006280

Authentication: 202932888
Date: 05-31-19

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 09:16 AM 05/31/2019
FILED 09:16 AM 05/31/2019
SR 20195006280 - File Number 4965085

# CERTIFICATE OF MERGER

## MERGING

### STEELHEAD MERGER SUB, INC.
a Delaware corporation

### WITH AND INTO

### CLOUDABILITY INC.
a Delaware corporation

Pursuant to Title 8, Section 251(c) of the General Corporation Law of the State of Delaware ("**Delaware Law**"), the undersigned corporation, Cloudability Inc., a Delaware corporation (the "**Corporation**"), does hereby certify the following information relating to the merger (the "**Merger**") of Steelhead Merger Sub, Inc., a Delaware corporation ("**Merger Sub**"), with and into the Corporation.

**FIRST**: The names of each of the constituent corporations to the Merger are as follows:

| Name | State of Formation or Incorporation |
|---|---|
| Cloudability Inc. | Delaware |
| Steelhead Merger Sub, Inc. | Delaware |

**SECOND**: An Agreement and Plan of Merger, dated May 15, 2019 (the "**Agreement**") by and among Apptio, Inc., a Delaware corporation ("**Parent**"), Merger Sub, a wholly owned subsidiary of Parent, the Corporation, and Shareholder Representative Services LLC, a Colorado limited liability company, solely in its capacity as Stockholder Representative (as defined therein), has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations in accordance with the requirements of Section 251(c) of the Delaware Law.

**THIRD**:  The Corporation shall be the surviving corporation (the "**Surviving Corporation**") after the Merger and the name of the Surviving Corporation is "Cloudability Inc.".

**FOURTH**: The Merger shall be effective immediately upon the filing of this Certificate of Merger with the Secretary of State of the State of Delaware (the "**Effective Time**").

**FIFTH**: The certificate of incorporation of the Corporation, as in effect immediately prior to the Effective Time, shall be amended and restated, upon the Effective Time, to read, in its entirety as set forth on <u>Exhibit A</u> attached hereto, and, as so amended and restated, shall be the certificate of incorporation of the Surviving Corporation.

**SIXTH**: An executed copy of the Agreement is on file at 11100 NE 8th Street, Suite 600, Bellevue, WA 98004, an office of the Surviving Corporation.

**SEVENTH**: A copy of the Agreement will be furnished by the Surviving Corporation, on request and without cost, to any stockholder of either constituent corporation.

IN WITNESS WHEREOF, Cloudability Inc. has caused this Certificate of Merger to be signed by a duly authorized officer, the 31st day May 2019.

CLOUDABILITY INC.,
a Delaware corporation

By: _____
Name: Mat Ellis
Title:   Chief Executive Officer

## Exhibit A

## THIRD AMENDED AND RESTATED CERTIFICATE OF INCORPORATION

## OF

## CLOUDABILITY INC.

### ARTICLE ONE

The name of the corporation is Cloudability Inc. (the "Corporation").

### ARTICLE TWO

The address of the Corporation's registered office in the State of Delaware is 251 Little Falls Drive, in the City of Wilmington, County of New Castle, Delaware 19808. The name of its registered agent at such address is Corporation Service Company.

### ARTICLE THREE

The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of the State of Delaware.

### ARTICLE FOUR

The total number of shares of stock which the Corporation has authority to issue is one thousand (1,000) shares of common stock, with a par value of $0.001 per share.

### ARTICLE FIVE

The Corporation is to have perpetual existence.

### ARTICLE SIX

In furtherance and not in limitation of the powers conferred by statute, the board of directors of the Corporation is expressly authorized to make, alter or repeal the by-laws of the Corporation.

### ARTICLE SEVEN

Meetings of stockholders may be held within or without the State of Delaware, as the by-laws of the Corporation may provide. The books of the Corporation may be kept outside the State of Delaware at such place or places as may be designated from time to time by the board of directors or in the by-laws of the Corporation. Election of directors need not be by written ballot unless the by-laws of the Corporation so provide.

### ARTICLE EIGHT

Subject to any provisions in the by-laws of the Corporation related to indemnification of directors or officers of the Corporation, the Corporation shall indemnify, to the fullest extent

permitted by applicable law, any director or officer of the Corporation who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding") by reason of the fact that he or she is or was a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with any such Proceeding; provided, however, that the Corporation be required to indemnify a person in connection with a Proceeding (or part thereof) initiated by such person only if such Proceeding (or part thereof) was authorized by the board of directors.

The Corporation shall have the power to indemnify, to the extent permitted by the General Corporation Law of the State of Delaware, as it presently exists or may hereafter be amended from time to time, any employee or agent of the Corporation who was or is a party or is threatened to be made a party to any Proceeding by reason of the fact that he or she is or was a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with any such Proceeding.

A right to indemnification or to advancement of expenses arising under a provision of this Amended and Restated Certificate of Incorporation or the by-laws of the Corporation shall not be eliminated or impaired by an amendment to this Amended and Restated Certificate of Incorporation or the by-laws of the Corporation after the occurrence of the act or omission that is the subject of the civil, criminal, administrative or investigative action, suit or proceeding for which indemnification or advancement of expenses is sought, unless the provision in effect at the time of such act or omission explicitly authorizes such elimination or impairment after such action or omission has occurred.

## ARTICLE NINE

The Corporation expressly elects not to be governed by Section 203 of the General Corporation Law of the State of Delaware.

## ARTICLE TEN

The Corporation reserves the right to amend, alter, change or repeal any provision contained in this certificate of incorporation in the manner now or hereafter prescribed herein and by the laws of the State of Delaware, and all rights conferred upon stockholders herein are granted subject to this reservation.

\* \* \* \* \*